# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RINCON,<br><br>    Plaintiff,<br>vs.<br><br>MATTHEW CATE, N BARRERAS, D KHATRI, ALAN FRUEH, J CLARK KELSO,<br><br>    Defendant. | CASE NO. 09-CV-2698 JLS (NLS)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. Nos. 15, 18) |

Presently before the Court is Magistrate Judge Nita L. Stormes's report and recommendation (R&R) advising this Court to grant Defendants' motion to dismiss. (Doc. No. 18.) Also before the Court are Plaintiff's objections to the R&R (Doc. No. 19 (Objections)) and Defendants' reply to Plaintiff's objections (Doc. No. 20 (Reply)). Having considered the parties' arguments and the law, the Court **ADOPTS** the R&R, **GRANTS** Defendants' motion to dismiss, and **DISMISSES** this action.

## BACKGROUND

Plaintiff, a state prisoner incarcerated at Centinela State Prison in Imperial, California, brings this complaint alleging that Defendants violated his Eighth Amendment right to adequate medical care by acting "intentionally or with deliberate indifference" to his need for a liver transplant. (Doc. No. 1 (Compl.) 2).

Plaintiff filed his complaint on November 30, 2009. *Id.* On July 12, 2010, Defendants filed

a motion to dismiss. (Doc. No. 15.) On August 3, 2010, Plaintiff filed an opposition (Doc. No. 16), and on August 13, 2010, Defendants filed a reply (Doc. No. 17). On November 15, 2010, Magistrate Judge Stormes issued an R&R, advising this Court to grant Defendants' motion. (Doc. No. 18.) Plaintiff objected to the R&R on December 6, 2010 (Doc. No. 19), and Defendants replied on December 17, 2010 (Doc. No. 20).

## LEGAL STANDARD

### 1.     Review of the Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

### 2.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally known as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S.— , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

1  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.*

When a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, the Court may deny leave to amend if amendment would be futile. *See id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

**3.     Eighth Amendment Deliberate Indifference to Medical Needs**

An inmate has an Eighth Amendment right to adequate physical and mental health care. *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).  Deliberate indifference to the serious medical needs of an inmate is not only inconsistent with the basic standards of decency but, more importantly, is antithetical to the Eighth Amendment's proscription of "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

A determination of deliberate indifference involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could "result in further significant injury" or "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091,

1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)).  Deliberate indifference consists of (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference.  *Id.*  Such indifference may be manifested when "prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Mere negligence in responding to and treating a medical condition, however does not rise to the standard of deliberate indifference.  *Gamble*, 429 U.S. at 106.

## ANALYSIS

Plaintiff objects to the R&R's conclusion that the Court cannot reasonably infer that Defendant Frueh was deliberately indifferent to Plaintiff's serious medical need.

**1.    Objections to the R&R's Conclusions Regarding Defendant Frueh**

As to Defendant Frueh, the R&R advises the Court to grant Defendant's motion to dismiss. (R&R 11.)  Magistrate Judge Stormes found that Defendant Frueh responded to Plaintiff's medical needs without delay; however, even if a delay in receiving a transplant can be attributed to Defendant Frueh's actions, the delay did not cause further harm.  (*Id.*)  Namely, "Plaintiff's condition . . . responded to the treatment provided and improved to such degree that he no longer requir[ed] a transplant at [that particular] time."  (*Id.*)  However, Plaintiff now contends that, contrary to the R&R's conclusion that his condition improved, he was informed by Loma Linda University Medical Center (LLUMC) on or about October 9, 2010 that his cancer is no longer in remission and has metastasized.  (Objections 3.)

Plaintiff's complaints about his current medical condition were not raised in the complaint and therefore are not properly before this Court.  *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).  Allowing Plaintiff the opportunity to present a new contention to this Court would undermine the Federal Magistrate Act's goals.  *See* 28 U.S.C.§ 636(b).  The Act was not intended to allow litigants to "run one version of their case past the magistrate, then another past the

1  district court." *Greenhow*, 863 F.2d at 638–39.  However, even if the Court were to address Plaintiff's
2  new allegations, the Court would find that they do not evince a deliberate indifference in responding
3  to Plaintiff's medical condition because, as Plaintiff states, he is still receiving ongoing treatment at
4  LLUMC, a facility that CDCR referred him to.

5        Plaintiff also has not demonstrated how Defendant Frueh's correspondence with UCSD
6  Medical Center amounted to deliberate indifference to Plaintiff's medical needs.  Plaintiff contends
7  that Defendant Frueh's action  "caused that center to not only reject Plaintiff's case but [sic] any
8  further medical treatment with that center." (Objections 2.)  However, Defendant Frueh merely
9  responded to UCSD's inquiry about Plaintiff's suitability as a transplant candidate by addressing
10 UCSD's specific question about post-transplant funding.  (R&R 9.)

11       The state only has an obligation to provide medical care to those who are incarcerated. *See*
12 *Gamble*, 429 U.S. at 103.  Defendant Frueh underscored this point when he responded to UCSD's
13 rejection letter and informed UCSD that the language of its initial request was ambiguous taken out
14 of context, and that the import of Defendant Frueh's initial response  was that "CDCR will pay for the
15 medical care while [Plaintiff] is incarcerated." (R&R 10.)  Neither of Defendant Frueh's letters can
16 be understood to mean that CDCR declined to finance transplant care.  Defendant Frueh's initial letter
17 even stated that, while CDCR cannot guarantee 2018 as Plaintiff's release date, there was only a slight
18 chance that Plaintiff would be exonerated or would receive a reduced sentence.  (*Id.* at 9.)  Not
19 guaranteeing Plaintiff's 2018 release date is not equivalent to refusing to provide post-transplant
20 funding.  In fact, Defendant Frueh's statement favors Plaintiff's position because the inference can be
21 made that Plaintiff's release date will most likely be in 2018—well beyond the critical three-year time
22 frame.  Therefore, Defendant Frueh's letters to UCSD do not show a deliberate "interfer[ence] with
23 UCSD's prescribed medical treatment." (Objections 3.)  Rather, the letters illustrate Defendant
24 Frueh's efforts to work with UCSD to determine Plaintiff's clinical plan of care. *See Marquez v.*
25 *Quarterman*, 652 F. Supp. 2d 785, 789 (D. Tex. 2009) (holding that a dental hygienist was receptive
26 to prisoner's request when she forwarded his name for consideration for further treatment rather than
27 automatically denying his request).

28       Moreover, consideration of Defendant Frueh's letters to UCSD regarding post-transplant

funding was only one of several factors that led UCSD to conclude that Plaintiff was not a viable candidate for a liver transplant at its facility. (R&R 10.) UCSD, based on its own calculus, decided to decline treatment— not Defendant Frueh.  Therefore, UCSD's rejection of Plaintiff's case for an organ transplant does not establish deliberate indifference on Defendant Frueh's part. And even if the Court were to assume that UCSD's decision hinged on Defendant Frueh's representations, the statements cannot be interpreted to mean that CDCR was unwilling to finance Plaintiff's care.

Lastly, despite UCSD's rejection, CDCR staff continued to tend to Plaintiff's medical needs by searching for an alternate transplant facility. (*Id.* at 11.) Plaintiff was referred to the Stanford University Transplant Program, but Stanford refused to treat him. (*Id.*) Shortly thereafter, CDCR referred Plaintiff to LLUMC, where Plaintiff continues to be monitored. (*Id.*) Defendant Frueh and CDCR's perseverance in finding Plaintiff a treatment center does not evince a deliberate indifference to his medical needs. That Plaintiff was evaluated and seen for treatment at several clinics even after UCSD denied him an organ transplant is probative of Defendant Frueh's subjective state of mind and gives rise to the reasonable inference that he did not act with deliberate indifference to Plaintiff's serious medical needs. *See Gamble*, 429 U.S. at 107 (holding that plaintiff failed to state a cognizable § 1983 claim of deliberate indifference because he was seen by several medical personnel).

Accordingly, the Court **ADOPTS** Magistrate Judge Stormes' R&R and **GRANTS** the motion to dismiss as to Defendant Frueh.

**2.    R&R's Conclusions Regarding Defendants Cate, Barreras and Khatri**

Plaintiff's objections do not refer to the R&R's conclusions regarding Defendants Cate, Barreras, and Khatri. Therefore, the Court concludes that Plaintiff does not object to the corresponding portions of the R&R. Having reviewed the relevant portions of the R&R, the Court finds that they are thorough, well reasoned, and contain no clear error. Accordingly, the Court **ADOPTS** sections III.A, III.B, III.C, and III.D of the R&R **IN FULL**, as they pertain to Defendants Cate, Barreras, and Khatri. *See* Fed. R. Civ. P. 72 advisory committee's note. Defendants' motion to dismiss is **GRANTED** as to Defendants Cate, Barreras, and Khatri.

//

//

## CONCLUSION

For the reasons stated, the Court **ADOPTS** the R&R **IN FULL**. Defendants' motion to dismiss is hereby **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Court further **GRANTS** Plaintiff leave to file a first amended complaint that addresses the deficiencies noted in this Order and the R&R. If Plaintiff wishes to file an amended complaint, he **SHALL DO SO within 45 days of the date that this Order is electronically docketed**. If no amended complaint is received by that time, the Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 22, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge