# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ALFREDO RINCON, | CASE NO. 09cv2698-JLS (NLS) |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANTS' APPLICATION TO SCREEN FIRST AMENDED COMPLAINT** |
| vs. | |
| MATTHEW CATE, et al., | [Doc. No. 22.] |
| Defendant. | |

## INTRODUCTION

On February 22, 2011, the District Court adopted this Court's Report and Recommendation Granting Defendants' Motion to Dismiss Plaintiff's Complaint. [Doc. No. 21.] Plaintiff was given 45 days from the docketing of the Order within which to file an amended complaint. [*Id.*] Plaintiff did not file an amended complaint and the case was closed.

On April 20, 2011, Defendants filed the current application requesting that the Court screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. [Doc. No. 22.] According to Defendants, Plaintiff served an Amended Complaint on them on April 7, 2011. [*Id*. at 2.] However, there is no such Amended Complaint on the Court's docket, rendering the motion moot.

In any event, Defendants are cautioned that their request for the Court to *sua sponte* screen an amended complaint at this juncture, and to waive their right to reply, is inappropriate for several reasons with which Defendant should be familiar. Pursuant to the mandate of 28 U.S.C. § 1915(e)(2)

and § 1915A the practice of this District is to undertake an initial screening of prisoner cases, and *sua sponte* dismiss for failure to state a claim, prior to ordering service upon any Defendant. *See* 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 4(c)(3). If the complaint passes initial screening, the court issues an order for the issuance of a summons and service of the complaint and summons by the United States Marshal's Office. *Id*. In this case, such an order was issued on February 22, 2010. [Doc. No. 4.] The order also instructed, as is typical, the following to Defendants:

> ...to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (*while a defendant may occasionally be permitted to 'waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made preliminary determination based on the face of the pleading alone that Plaintiff has a 'reasonable opportunity to prevail on the merits,' the defendant is required to respond*).

[Doc. No. 4 at 6.] In other words, Defendants have already been informed that after the initial screening, a waiver of the right to reply is inappropriate and they are required to respond.

This is not the first time a court of this District has made the point clear. In *Brooks v. Alameida*, Jr., et al., 04cv2059-H (CAB) [Doc. No. 30 at 12], Judge Stiven wrote a thoroughly reasoned order explaining that "nothing in either 28 U.S.C. § 1915(e)(2) or § 1915A permits Defendants to request the Court do anything sua sponte" and that if the court does not dismiss a prisoner complaint either before or after service, "it does not simultaneously relieve defense counsel from his duty to obey a Court Order or follow the Federal Rules of Civil Procedure." Judge Stiven's Order cited *Freeman v. Lee*, 30 F.Supp.2d 52, 56 (D.D.C. 1998) in stating, "a mere reading of 28 U.S.C. § 1915A dispels any notion that it provides a basis for governmental defendants to seek a dismissal or to otherwise play a role in the screening process." Chief Judge Gonzalez of this District similarly noted in *Sang v. Wittenberg*, 03cv1176 IEG (CAB) [Doc. No. 51 at 3], that Defendants' "Request for Screening" was "entirely inappropriate" and not authorized by the plain language of 28 U.S.C. § 1915(e)(2) nor § 1915A, and should be rejected out of hand. Judge Gonzalez further stated, "Moreover, the Court's role is not to act as counsel for the defense but rather it has a duty to act as an impartial decision maker." *Id*.

Case 3:09-cv-02698-CAB-NLS   Document 23   Filed 04/29/11   PageID.198   Page 2 of 3

- 2 -

09cv2698

In sum, "[o]nce a Complaint [] survives screening and has been served upon Defendants, and counsel has entered an appearance on Defendants' behalf, it is defense counsel's obligation, not the Court's, to defend the case." *Brook*s, [Doc. No. 30 at 10]  The Complaint in this case survived screening on February 22, 2010 [doc. no. 4], was served along with the summons, and counsel appeared on behalf of Defendants.  Thus, if an amended complaint were to be filed in this Court, counsel for Defendants would be required to defend the case by filing a motion under Rule 12(b)(6) or face a default judgment.

## CONCLUSION

The Court **HEREBY ORDERS**:

    1.    Defendants' Application for the Court to Screen First Amended Complaint is **DENIED AS MOOT.**

    2.    Plaintiff has 20 days from the filing date of this Order within which to file and serve his amended complaint in the proper manner.

**IT SO ORDERED**.

DATED: April 29, 2011

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court